IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ELIZABETH BARNARD, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:10-00175 |
| | ) | JUDGE HAYNES |
| v. | ) | |
| | ) | |
| SALLIE MAE, INC. and | ) | |
| NEW DIRECTIONS HAIR ACADEMY, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Plaintiff, Elizabeth Barnard, filed this pro se action against the Defendants: Sallie Mae, Inc. and New Directions Hair Academy. Plaintiff alleges that the Defendants committed fraud and harassed her by continuing to deposit student loan checks from Sallie Mae, Inc. even after Plaintiff had stopped attending New Directions Hair Academy. After a review of Plaintiff's complaint, the Court held a frivolity hearing attended by the Plaintiff on May 17, 2010.

Under 28 U.S.C. 1915(e)(2)(B)(2), the Court makes an initial inquiry to assess whether this action should proceed further. The pro se complaint can be dismissed if the complaint fails to state a claim or is frivolous or malicious or seeks damages from a defendant who is immune from such damages claims as a matter of law. A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); see Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. Id. at 327-28; Brown v. Bargery, 207 F.3d 863, 866 (6th Cir. 2000); see also Lawler v. Marshall, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

To promote the interests of judicial economy, a district court may raise the doctrine of <u>res judicata</u> <u>sua</u> <u>sponte</u>. <u>Holloway Construction Co. v. United States Department of Labor</u>, 891 F.2d 1211, 1212 (6th Cir. 1989). An action will be barred under res judicata where (1) prior litigation involved the same parties or their privies, (2) the prior litigation was terminated by a final judgment on the merits, and (3) the prior litigation involved the same claim or cause of action as the present lawsuit. <u>Hydranautics v. Film Tec Corporation</u>, 204 F.3d 880 (9th Cir. 2000).

Upon review of the complaint, Plaintiff's claims are clearly barred by the doctrines of <u>res judicata</u> and collateral estoppel. Plaintiff attached a copy of a final judgment for the Defendants that was entered in a similar action in the Circuit Court for Davidson County, Tennessee by the Honorable Thomas W. Brothers. (Docket Entry No. 1-1, Final Judgment). At the frivolity hearing, the Court determined Plaintiff's claims here are identical to Plaintiff's claims in that prior state court action. As such, Plaintiff's claims are barred by the doctrine of <u>res judicata</u>. Additionally, any additional new matters against these Defendants are barred by the doctrine of collateral estoppel. <u>Allen v McCurry</u>, 449 U.S. 90, 94 (1980).

For the above stated reasons, Plaintiff's claims are **DISMISSED with prejudice** for failure to state a claim.

This is the Final Order in this action.

Any appeal of this action would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

**ENTERED** this the 21st day of May, 2010.

WILLIAM J. HAYNES, JR.
United States District Judge